**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CITY OF LAS CRUCES and COUNTY
OF DOÑA ANA

    Plaintiffs,

        v.                              No. 2:14-CV-00931-MV-LAM

THE TRAVELERS INDEMNITY COMPANY,
a Connecticut Corporation; and UNITED
STATES FIDELITY AND GUARANTY
COMPANY, a Maryland Corporation, 21st
CENTURY CENTENNIAL INSURANCE
COMPANY, as Successor in Interest
to COLONIAL PENN INSURANCE
ACCIDENT & INDEMNITY COMPANY,

    Defendants.

**ANSWER OF DEFENDANT SWISS REINSURANCE AMERICA HOLDING
CORPORATION, AS ADMINISTRATOR OF CERTAIN LIABILITIES OF COLONIAL
PENN INSURANCE COMPANY, IMPROPERLY PLEADED AS 21ST CENTURY
CENTENNIAL INSURANCE COMPANY, TO PLAINTIFFS' FIRST AMENDED
COMPLAINT**

    Defendant Swiss Reinsurance America Holding Corporation, as administrator of certain liabilities of Colonial Penn Insurance Company, improperly pleaded as 21st Century Centennial Insurance Company, as Successor in Interest to Colonial Penn Insurance Accident & Indemnity Company ("Swiss Re"), answers Plaintiffs', City of Las Cruces ("City") and County of Doña Ana ("County"), First Amended Complaint for Breach of Contract and Declaratory Judgment as follows:

.

**Parties**

1-4.    The allegations contained in Paragraphs 1-4 of the First Amended Complaint are not directed to Swiss Re and, therefore, no response is required.  To the extent that a response is deemed to be required, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 1-4 of the First Amended Complaint and on that basis denies the allegations.

5.    Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint and on that basis denies the allegations.  In further response, Swiss Re states that it is the administrator of certain liabilities of Colonial Penn Insurance Company, and that Swiss Re has been improperly pled in this action as "21st Century Centennial Insurance Company, as Successor in Interest to Colonial Penn Insurance Accident & Indemnity Company."  By way of further answer, Swiss Re is incorporated under the laws of the State of Delaware, with its principal place of business in New York.

6.    The allegations contained in Paragraph 6 of the First Amended Complaint are not directed to Swiss Re and, therefore, no response is required.  To the extent that a response is deemed to be required, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint and on that basis denies the allegations.

7.    The allegations of Paragraph 7 of the First Amended Complaint constitute Plaintiffs' characterization of Defendants, and thus, no response is required.

1215723-1726495.1

## **Jurisdiction and Venue**

8. Swiss Re admits that this Court has jurisdiction over this matter.

9. Swiss Re admits that venue is proper in this Court.

## **The Policies and the Insurers**

10-15. The allegations contained in Paragraphs 10-15 of the First Amended Complaint are not directed to Swiss Re and, therefore, no response is required. To the extent that a response is deemed to be required, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 10-15 of the First Amended Complaint and on that basis denies the allegations.

16. Swiss Re denies the allegations of Paragraph 16 of the First Amended Complaint, except to admit that Colonial Penn Insurance Company issued a certain policy to the named insured therein (the "Colonial Penn Policy"), which Policy speaks for itself.

17. Swiss Re denies the allegations of Paragraph 17 of the First Amended Complaint, except to admit that Colonial Penn Insurance Company issued a certain policy to the named insured therein, which policy speaks for itself.

18-19. The allegations contained in Paragraphs 18-19 of the First Amended Complaint are not directed to Swiss Re and, therefore, no response is required. To the extent that a response is deemed to be required, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 18-19 of the First Amended Complaint and on that basis denies the allegations.

20. The allegations of Paragraph 20 of the First Amended Complaint constitute Plaintiffs' characterization of certain insurance policies at issue, and thus, no response is required.

## Factual Background

21-33. The allegations contained in Paragraphs 21-33 of the First Amended Complaint are not directed to Swiss Re and, therefore, no response is required. To the extent that a response is deemed to be required, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 21-33 of the First Amended Complaint and on that basis denies the allegations.

34. Swiss Re admits that certain information has been provided to it by the City and the County, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 34 of the First Amended Complaint and on that basis denies the allegations.

35. Swiss Re denies the allegations of Paragraph 35 of the First Amended Complaint.

## COUNT I – USF&G – BREACH OF CONTRACT

36. Swiss Re incorporates its responses to Paragraphs 1-35 of the First Amended Complaint, as though fully set forth herein.

37-46. The allegations contained in Paragraphs 37-46 of the First Amended Complaint are not directed to Swiss Re and, therefore, no response is required. To the extent that a response is deemed to be required, Swiss Re is without sufficient knowledge or information to form a

belief as to the truth of the allegations of Paragraphs 37-46 of the First Amended Complaint and on that basis denies the allegations.

## COUNT II – TRAVELERS – BREACH OF CONTRACT

47. Swiss Re incorporates its responses to Paragraphs 1-46 of the First Amended Complaint, as though fully set forth herein.

48-62. The allegations contained in Paragraphs 48-62 of the First Amended Complaint are not directed to Swiss Re and, therefore, no response is required. To the extent that a response is deemed to be required, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 48-62 of the First Amended Complaint and on that basis denies the allegations.

## COUNT III – 21st CENTURY BREACH OF CONTRACT

63. Swiss Re incorporates its responses to Paragraphs 1-62 of the First Amended Complaint, as though fully set forth herein.

64. The allegations of Paragraph 64 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed to be required, Swiss Re states that the Colonial Penn Policy speaks for itself and Swiss Re denies any allegations of Paragraph 64 that are inconsistent with the Colonial Penn Policy. Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 64 of the First Amended Complaint and on that basis denies the allegations.

65-66. Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 65-66 of the First Amended Complaint and on that basis denies the allegations.

67. Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 of the First Amended Complaint and on that basis denies the allegations. Swiss Re specifically denies that Plaintiffs made "timely demand" to Swiss Re for reimbursement of any costs.

68. Swiss Re denies the allegations contained in Paragraph 68 of the First Amended Complaint.

69. Swiss Re denies the allegations contained in Paragraph 69 of the First Amended Complaint.

70. Swiss Re denies the allegations contained in Paragraph 70 of the First Amended Complaint.

71. Swiss Re denies the allegations contained in Paragraph 71 of the First Amended Complaint.

72. Swiss Re denies the allegations contained in Paragraph 72 of the First Amended Complaint.

73. Swiss Re denies the allegations contained in Paragraph 73 of the First Amended Complaint.

1215723-1726495.1

## COUNT IV – HARTFORD – BREACH OF CONTRACT

74. Swiss Re incorporates its responses to Paragraphs 1-73 of the First Amended Complaint, as though fully set forth herein.

75-84. The allegations contained in Paragraphs 75-84 of the First Amended Complaint are not directed to Swiss Re and, therefore, no response is required.  To the extent that a response is deemed to be required, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 75-84 of the First Amended Complaint and on that basis denies the allegations.

## COUNT V – USF&G, 21st CENTURY, HARTFORD AND TRAVELERS – DECLARATORY JUDGMENT

85. Swiss Re incorporates its responses to Paragraphs 1-84 of the First Amended Complaint, as though fully set forth herein.

86. Swiss Re denies the allegations of Paragraph 86 of the First Amended Complaint to the extent that the allegations are directed to it.  To the extent that the allegations of Paragraph 86 of the First Amended Complaint are directed to any other defendants, no response is required from Swiss Re.  To the extent that a response is deemed to be required as to allegations directed to any other defendant, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

87. Swiss Re denies the allegations of Paragraph 87 of the First Amended Complaint to the extent that the allegations are directed to it.  To the extent that the allegations of Paragraph 87 of the First Amended Complaint are directed to any other defendants, no response is required from Swiss Re.  To the extent that a response is deemed to be required as to allegations directed

to any other defendant, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

88-89.   Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 88-89 of the First Amended Complaint and on that basis denies the allegations.

90.   Swiss Re denies the allegations of Paragraph 90 of the First Amended Complaint to the extent that the allegations are directed to it.  To the extent that the allegations of Paragraph 90 of the First Amended Complaint are directed to any other defendants, no response is required from Swiss Re.  To the extent that a response is deemed to be required as to allegations directed to any other defendant, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

91.   Swiss Re denies the allegations of Paragraph 91 of the First Amended Complaint to the extent that the allegations are directed to it.  To the extent that the allegations of Paragraph 91 of the First Amended Complaint are directed to any other defendants, no response is required from Swiss Re.  To the extent that a response is deemed to be required as to allegations directed to any other defendant, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

92.   Swiss Re denies the allegations of Paragraph 92 of the First Amended Complaint to the extent that the allegations are directed to it.  To the extent that the allegations of Paragraph 92 of the First Amended Complaint are directed to any other defendants, no response is required from Swiss Re.  To the extent that a response is deemed to be required as to allegations directed

to any other defendant, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

93.     Swiss Re denies the allegations of Paragraph 93 of the First Amended Complaint to the extent that the allegations are directed to it.  To the extent that the allegations of Paragraph 93 of the First Amended Complaint are directed to any other defendants, no response is required from Swiss Re.  To the extent that a response is deemed to be required as to allegations directed to any other defendant, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

94.     Swiss Re denies the allegations of Paragraph 94 of the First Amended Complaint to the extent that the allegations are directed to it.  To the extent that the allegations of Paragraph 94 of the First Amended Complaint are directed to any other defendants, no response is required from Swiss Re.  To the extent that a response is deemed to be required as to allegations directed to any other defendant, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

95.     Swiss Re denies the allegations of Paragraph 95 of the First Amended Complaint to the extent that the allegations are directed to it.  To the extent that the allegations of Paragraph 95 of the First Amended Complaint are directed to any other defendants, no response is required from Swiss Re.  To the extent that a response is deemed to be required as to allegations directed to any other defendant, Swiss Re is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

## **AFFIRMATIVE DEFENSES**

Swiss Re raises the following Affirmative Defenses to the First Amended Complaint:

**FIRST AFFIRMATIVE DEFENSE**

The First Amended Complaint does not or may not state facts sufficient to state a claim upon which relief can be granted against Swiss Re.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims against Swiss Re are not ripe or nonjusticiable.

**THIRD AFFIRMATIVE DEFENSE**

No coverage is or may be available under the Colonial Penn Policy at issue to the extent that the policy does not apply to the claim(s) giving rise to this action.

**FOURTH AFFIRMATIVE DEFENSE**

No coverage is available under the Colonial Penn Policy to the extent the insured has or may have failed to perform its obligations, and did not fully comply with all provisions under the Colonial Penn Policy.

**FIFTH AFFIRMATIVE DEFENSE**

The claims asserted in the First Amended Complaint are barred in whole or in part under the Colonial Penn Policy to the extent they seek coverage for claims for equitable or injunctive relief against the insured.

**SIXTH AFFIRMATIVE DEFENSE**

The claims asserted in the First Complaint are or may be barred in whole or in part under the Colonial Penn Policy by the pollution exclusions that are contained therein.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are barred in whole or in part under the Colonial Penn Policy to the extent the claims assert "property damage," as that term may be defined in the Policies, to property owned, occupied, used by or rented to the insured, or otherwise assert damage to or destruction of property owned, occupied, used by or rented to the insured.

## EIGHTH AFFIRMATIVE DEFENSE

Swiss Re does not or may not owe a duty to defend or to reimburse defense costs for any of the matter(s) and/or underlying claim(s) referred to in the First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

Swiss Re does not or may not owe a duty of indemnity to Plaintiffs for any of the matter(s) and/or underlying claim(s) referred to in the First Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

The Colonial Penn Policy at issue does not or may not apply to a claim that seeks coverage for injury, loss or damage that is either expected or intended from the standpoint of any alleged insured or any person or organization for whose acts or omissions any alleged insured is or may be liable, as that term is defined in the Colonial Penn Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are barred in whole or in part under the Colonial Penn Policy to the extent the "occurrence," "accident" or damage, as those terms

may be defined in the Policy, alleged in the First Amended Complaint occurred prior to the inception or after the expiration of the Policy period.

## TWELFTH AFFIRMATIVE DEFENSE

The damages claimed in the First Amended Complaint are or may be barred in whole or in part under the Colonial Penn Policy at issue to the extent they are not sums which Plaintiffs are legally obligated to pay as "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the Colonial Penn Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred under the Colonial Penn Policy at issue to the extent the insured failed to provide proper and/or timely notice of the "occurrence", "claim" or "suit", as those terms may be defined or described in the Colonial Penn Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred in whole or in part under the Colonial Penn Policy at issue to the extent the insured, as that term is defined in the Colonial Penn Policy, failed to disclose, concealed and/or misrepresented facts which were material to the risks allegedly undertaken by Colonial Penn.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred in whole or in part by the terms, exclusions, conditions, and limitations contained in the Colonial Penn Policy at issue.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs failed to mitigate, minimize or avoid any loss they allegedly sustained, any recovery against Swiss Re shall or may be reduced by that amount, as may be required under the Colonial Penn Policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Swiss Re's obligations, if any, under the Colonial Penn Policy at issue, to defend, reimburse or indemnify any party is subject to any applicable deductible, retention, retained limits, supplementary payments and/or applicable limits of liability or limits of insurance contained in the Colonial Penn Policy, and Swiss Re shall not be obligated to pay any claim, judgment or settlement, or to defend any suit, after any applicable limit of liability or limit of insurance has been exhausted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred in whole or in part by the doctrines of unclean hands and/or waiver.

### NINETEENTH AFFIRMATIVE DEFENSE

One or both Plaintiffs do not qualify as an "insured" under the Colonial Penn Policy.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent coverage may be determined to exist under the Colonial Penn Policy for the claim(s) at issue in the First Amended Complaint, such coverage shall only apply pursuant to the "other insurance" provision in the Colonial Penn Policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that any loss arising from a claim covered under the Colonial Penn Policy at issue is covered under any other collectible insurance, the insurance provided by the Colonial Penn Policy may only be excess of such other insurance.  To the extent the Colonial Penn Policy and any other collectible insurance cover on the same basis, either excess or primary, Swiss Re may only pay its share, namely, the proportion that the limits of liability bear to the total of the limits of all the other collectible insurance covering on the same basis.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Coverage is or may be barred under the Colonial Penn Policy at issue to the extent the alleged insured seeks recovery of costs incurred prior to the date that the alleged insured provided notice of the subject claim(s) to Swiss Re, as those terms are defined in the Colonial Penn Policy, and as required by provisions in the Colonial Penn Policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred by the doctrine of equitable estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred by the doctrine of laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred by the applicable statute of limitations and/or repose.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Colonial Penn Policy at issue may exclude coverage for any voluntary payment, obligation assumed or expense incurred voluntarily, or without Swiss Re's knowledge and consent, by the alleged insured, as that term is defined in the Colonial Penn Policy.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred in whole or in part under the Colonial Penn Policy at issue to the extent the alleged insured's, as that term is defined in the Colonial Penn Policy, acts or failure to act, which gave rise to the damages referenced in the First Amended Complaint, were in violation of, or non-compliance with, law, public policy and/or government rule, regulation or law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred in whole or in part under the Colonial Penn Policy at issue to the extent the damages, as alleged in the First Amended Complaint, arise in whole or in part out of intentional conduct.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred under the Colonial Penn Policy at issue to the extent the alleged insured(s), as that term is defined in the Colonial Penn Policy, failed to comply with the provisions of the Colonial Penn Policy concerning assistance, cooperation and/or subrogation.

15

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent Westport is found to be in any way liable in this matter, any damages must be appropriately allocated to uninsured, self-insured and/or other-insured policies, as well as to periods where no insurance was issued or where the relevant insurers are insolvent.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are barred in whole or in part under the Colonial Penn Policy to the extent any insured has impaired or prejudiced any right to subrogation, indemnification or contribution that Swiss Re may have, and any recovery is subject to Swiss Re's rights to subrogation, indemnification, contribution and/or apportionment.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that no "suit" has been filed against them.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the doctrines of res judicata, collateral estoppel

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred to the extent that the claims in the First Amended Complaint arise from liabilities assumed by the insured(s) under contract or agreement.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are or may be barred in whole or in part under the Colonial Penn Policy at issue to the extent there is any fraud by the alleged insured(s) at any time as it relates to the Colonial Penn Policy or if the alleged insured(s) at any

time intentionally concealed or misrepresented a material fact concerning the Colonial Penn Policy and/or any claim under the Colonial Penn Policy, as those terms are defined or described in the Colonial Penn Policy.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Legal action against Swiss Re shall not lie unless Plaintiffs comply with provisions in the Colonial Penn Policy regarding if and when such action may be filed.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Swiss Re reserves the right to amend its Answer to the First Amended Complaint to assert such additional Affirmative Defenses and/or applicable policy terms, exclusions, conditions and limitations as may become apparent during the continuing course of discovery in this matter.

WHEREFORE, Swiss Re respectfully requests that this Court deny Plaintiffs' requested relief against Swiss Re, dismiss the First Amended Complaint in its entirety with prejudice as against Swiss Re and declare Swiss Re's rights and duties as follows:

1. That this Court adjudge, determine and declare that Swiss Re is not obligated to investigate, defend, or pay for the defense of any claims alleged in the First Amended Complaint, and that Swiss Re is not liable to pay or indemnify Plaintiffs for any damages, costs or payments incurred or to be incurred by them with respect to the First Amended Complaint and that Plaintiffs do not have any right to any other recovery under the Colonial Penn Policy at issue and/or any policy of insurance issued or allegedly issued by Swiss Re; and

2. That this Court adjudge, determine and declare that Swiss Re is entitled to reimbursement of the costs and disbursements of this action, including but not limited to reasonable attorneys' fees; and

3. That this Court grant Swiss Re such other and further relief as this Court may deem just, proper and equitable.

        MODRALL, SPERLING, ROEHL, HARRIS
          & SISK, P.A.

By: */s/ Jeremy K. Harrison*
    Timothy L. Fields
    Jeremy K. Harrison
    500 Fourth Street NW, Suite 1000 (87102)
    P.O. Box 2168
    Albuquerque, NM  87103-2168
    Telephone: 505-848-1800
    Facsimile:  505-848-1899
    tfields@modrall.com
    jkh@modrall.com

CLYDE & CO US LLP
    Kevin M. Haas
    200 Campus Drive, Suite 300
    Florham Park, NJ  07932
    Telephone: 973-210-6719
    Facsimile: 973-210-6701
    kevin.haas@clydeco.us

*Attorneys for Defendant Swiss Reinsurance America Holding Corporation, as administrator of certain liabilities of Colonial Penn Insurance Company, improperly pleaded as 21st Century Centennial Insurance Company, as Successor in Interest to Colonial Penn Insurance Accident & Indemnity Company.*

WE HEREBY CERTIFY that on this 2nd day of July, 2015, we filed the foregoing Certification electronically through the CM/ECF system, causing all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Jeremy K. Harrison*
    Jeremy K. Harrison

*W2476168.DOCX*