IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CITY OF LAS CRUCES and**
**COUNTY DOÑA ANA,**

      **Plaintiffs,**

v.                                              No. CIV-14-0931 MV/LAM

**THE TRAVELERS INDEMNITY COMPANY,**
a Connecticut corporation,  et al.,

      **Defendants.**

## **STIPULATED PROTECTIVE ORDER**

**THIS MATTER** is before the Court on *Plaintiffs' Unopposed Motion for Entry of Stipulated Protective Order (Doc. 95)*, filed October 8, 2015.  Having considered the motion and the record of this case, the Court **FINDS** that the motion is well-taken and shall be **GRANTED**.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

## **DEFINITIONS**

1.      "Discovery Material" means all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, deposition exhibits, tangible things, or other information produced, subpoenaed, provided, disclosed, transcribed in the course of depositions, or otherwise given to any Party by another Party or by a non-Party in the above-captioned litigation (whether in the form of deposition transcripts, interrogatory answers, responses to requests for production of documents, initial or supplemental disclosures, document productions, responses to requests for admissions, or other discovery).

2. "Confidential Information" means Discovery Material that:

a. constitutes or contains sensitive personal, medical, business or proprietary information, trade secrets or other confidential research, development, or commercial information which is in fact confidential, the disclosure of which might adversely affect a Party's competitive position or business operations; and

b. is designated "CONFIDENTIAL" in accordance with the procedures set forth in this Protective Order. Without limiting the foregoing, documents or information, including deposition, hearing or trial transcripts, that are produced in this action and that have previously been marked as confidential and subject to a protective order in any action shall be deemed "Confidential Information" without further need of designation in this action.

3. "Protected Discovery Material" means all documents (regardless of the medium or manner generated stored or maintained), which are protected from discovery or use at trial or in any other proceeding by Court rule or judicial decision such as, by way of illustration only, Rules 501 *et seq.,* Fed. R. Evid., Rule 26(b) Fed. R. Civ. P., or Rule 408 Fed. R. Evid., whether or not so designated when initially or subsequently disclosed. Such material is described hereafter as "PROTECTED."

**DESIGNATION OF CONFIDENTIAL INFORMATION**

4. The designation of Confidential Information shall be made by placing or affixing on the Discovery Material, in a manner which will not interfere with its legibility, the word CONFIDENTIAL, except that a Party that has produced Discovery Material prior to entry of this Protective Order may designate any such Discovery Material as CONFIDENTIAL by advising all other Parties of that designation, in writing, within 30 days after entry of this Protective Order. One who provides Discovery Material may designate it as CONFIDENTIAL only when such person in good faith believes it falls within the scope of Paragraph 2.a above.

5. A non-Party who produces Discovery Material that contains Confidential Information may designate such Discovery Material as CONFIDENTIAL in accordance with Paragraph 3. Confidential Information designated by a non-Party shall be subject to all the terms, conditions and limitations set forth in this Protective Order.

6. Except for depositions, and for Discovery Material produced for inspection at a Party's or non-Party's facilities, the designation of CONFIDENTIAL shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that Discovery Material is produced for inspection at a Party's or non-Party's facilities, such Discovery Material may be produced for inspection before being marked CONFIDENTIAL. Once specific Discovery Material has been designated for copying, a Party or non-Party may designate such Discovery Material (in accordance with Paragraph 3) as CONFIDENTIAL after copying but before delivery to the Party who inspected and specified the Discovery Material for production. There will be no waiver of confidentiality by the inspection of confidential Discovery Material before they are copied and marked CONFIDENTIAL pursuant to this procedure.

7. Any portion of a deposition that describes Discovery Material previously designated as CONFIDENTIAL, or that otherwise constitutes Confidential Information, may be designated as CONFIDENTIAL in accordance with Paragraph 3 above.

8. Part or all of a deposition may be designated as CONFIDENTIAL by a Party or non-Party in the following manner. At the option of the Party or non-Party, the Party or non-Party may request the reporter during the deposition to insert a statement designating such deposition, or a particular portion thereof, as CONFIDENTIAL. Alternatively, a Party or non-Party may make such designation within thirty (30) days after receipt of the deposition transcript, by informing the Parties, in writing, as to the portions of the deposition transcript that

3

are designated CONFIDENTIAL. No deposition transcript shall be disclosed by any Party or any person attending such deposition to any other person, other than persons described in Paragraphs 9 or 10 below and the deponent (and the deponent's counsel if separately represented), prior to the expiration of the thirty (30) day period. Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL, each Party or other person in receipt of such transcript shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter. Any deposition transcript, or portions of a deposition transcript, designated CONFIDENTIAL under this paragraph shall be subject to all other paragraphs in this Protective Order affecting Discovery Material so designated.

9. Failure to timely designate Discovery Material as "CONFIDENTIAL" does not waive a Party's right to so designate Discovery Material. A Party may designate such Discovery Materials as "CONFIDENTIAL" by advising all other Parties of that designation, in writing. Upon receipt of such written designation, the receiving Parties shall make reasonable efforts to assure that the designated Confidential Information is treated in accordance with the provisions of this Order.

## TREATMENT OF CONFIDENTIAL MATERIALS

10. The disclosure of Confidential Information in the above-captioned litigation under this Protective Order is not, and shall not be deemed to be, a waiver of any otherwise applicable protection or privilege as to the Confidential Information itself or the topic or subject matter of the Confidential Information, except that any such Confidential Information may be used by any Party in this litigation, subject to and consistent with the provisions of this Protective Order. Discovery Materials designated as CONFIDENTIAL under this Protective

Order shall not be used for any purpose whatsoever other than in connection with the above-captioned litigation, including appeals.

      11.      Discovery Materials designated as CONFIDENTIAL shall not be disclosed to any persons other than:

      a.      counsel to the Parties, and all attorneys, paralegals, and support staff employed by or associated with such counsel who are working on the prosecution or defense of this action;

      b.      the Parties, and their respective officers, directors, in-house counsel, employees, former employees, and agents who are required by a Party to work directly in connection with, or who have responsibility with respect to, this action;

      c.      experts or consultants (including their employees, associates, and support staff) retained by a Party in connection with this action;

      d.      outside vendors, including their employees, retained by counsel for any Party to provide copying, data entry, data processing, computer support, or computer imaging, or similar clerical or litigation support services;

      e.      witnesses and potential witnesses in this action;

      f.      court reporters, videographers, stenographers, or other persons preparing transcripts of testimony;

      g.      a third party to whom a Party is legally or contractually obligated to make disclosure, including but not limited to, a Party's insurers, reinsurers, reinsurance intermediaries, retrocessionaires, regulators, claims handling agents or auditors;

      h.      any mediator hired by the Parties to assist in settlement efforts; and

      i.      the Court and its employees, including court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in

accordance with the terms of this Protective Order and in compliance with Local Rule Civ. 5 and the Court's CM/ECF Administrative Procedures Manual § 9(h).

Each person identified in Paragraphs 9.c, 9.d, 9.e, and 9.h who is not also identified in Paragraph 9.b. to whom Confidential Information is to be disclosed shall, prior to such disclosure, sign the Disclosure Agreement in the form attached hereto as Exhibit A.

12. The designation of any Discovery Material as CONFIDENTIAL shall not preclude any Party from showing the material to any person (i) who appears as the author or as an addressee on the face of the Discovery Material and is not otherwise shown prior to such disclosure not to have received the Discovery Material, or (ii) who has been identified by the designating Party as having been provided with the Discovery Material or with the information therein prior to such disclosure.

13. Nothing contained in this Protective Order shall affect the right of the disclosing Party to disclose or use for any purpose the Discovery Material produced and/or designated by it as CONFIDENTIAL, nor shall anything in this Protective Order affect the right of the receiving Party to disclose or use for any purpose the Discovery Material produced without a designation by the designating Party as CONFIDENTIAL if the receiving Party has received the same material without any designation, requirement, or agreement of confidentiality, unless subsequently designated under ¶ 8 above.

14. Each recipient of Discovery Material designated as CONFIDENTIAL shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own Confidential Information.

## OBJECTIONS TO CONFIDENTIAL DESIGNATIONS

15. A designation of Discovery Materials as CONFIDENTIAL may be challenged upon motion. The burden of proving the CONFIDENTIAL nature of such designated Discovery Material remains with the Party asserting such confidentiality. The provisions of Local Rule 37 apply to such motions.

## TREATMENT OF PROTECTED DISCOVERY MATERIAL

16. The Court and the parties recognize this case is on a complex track, and will require the production of extensive numbers of documents in prompt fashion in order to expedite discovery in order to meet the Court's discovery deadlines.

17. If Protected Discovery Material is produced inadvertently or otherwise to a requesting party during discovery, that production does not (i) preclude the producing party from later asserting a claim of privilege, the work product protection or any other applicable privilege or protection; or (ii) constitute a waiver of any claim of privilege as to the topic or subject matter of the produced Material in this or any other judicial or administrative proceeding.

18. Subject to the provisions of Paragraph 20, if a producing party asserts a claim of privilege over any Protected Discovery Material, it may serve a written request upon any other party seeking the prompt return all the designated Material(s) (and copies) to the producing party, or seeking the destruction of all of the designated Material(s), at the producing party's option.

19. If the requesting party does not dispute a claim of privilege made pursuant to Paragraph 18, then the requesting party must promptly return the designated Material(s) (and copies and notes concerning its (their) contents) to the producing party, or destroy all of the designated Material(s), at the producing party's option.

20. If a requesting party disputes a claim of privilege made pursuant to Paragraph 18, then the Protected Discovery Material may be retained by the requesting party for the purpose of seeking judicial discrimination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B). If the Material is deemed to be discoverable, then the requesting party may retain the Material and use it for any purpose permitted by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable rule or procedure. If the Material is deemed to be privileged, then the requesting party must promptly return the designated Material(s) (and copies) to the producing party, or destroy all of the designated Material(s), at the producing party's option. If the Material is deemed to be privileged, all notes concerning its (their) contents will be destroyed by the requesting party.

21. A party may assert that any document is Protected Discovery Material at any time during the course of the litigation up to the time of trial.

## FILING OF CONFIDENTIAL DOCUMENTS

22. To the extent that any Discovery Materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed under seal (by the filing Party) with the Clerk of the Court together with a simultaneous motion and accompanying order (hereinafter the "Interim Sealing Motion"). Even if the filing Party believes that the materials subject to the Protective Order are not properly classified as CONFIDENTIAL, the filing Party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights under Paragraph 13 of this Protective Order.

23. In the event that any Discovery Material designated CONFIDENTIAL is used in any Court proceeding in connection with the above-captioned litigation, the Parties shall take all reasonable steps to protect its confidentiality during such use.

## IMPROPER DISCLOSURE

24. If Discovery Material designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure must immediately bring all pertinent facts related to such disclosure to the attention of all Parties, and without prejudice to the right and remedies of the designating Party or non-Party, make every reasonable effort to retrieve the improperly disclosed Discovery Materials and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such Discovery Material.

## INITIAL AND CONTINUING EFFECT

25. The Parties to this Protective Order agree to be bound by its terms until such time as the Court has had an opportunity to consider it and enter the stipulation as an order.

26. Throughout this action, including any appeals, and after the conclusion of this action, by settlement or otherwise, the provisions of this Protective Order shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed.

## CONCLUSION OF THE LITIGATION

27. Upon final conclusion of this litigation by settlement or judgment (including the exhaustion of all appeals), upon request of the producing Party, or a producing non-Party, the other Parties shall return all Confidential Information, including copies thereof, to the producing Party or non-Party, or certify that all such materials and copies thereof have been destroyed in accordance with the Parties' document retention policies. Notwithstanding anything to the

contrary contained herein, it is expressly understood, agreed and ordered that any Party is permitted to retain, and destroy, such Confidential Information and all copies thereof in the ordinary course of its business in accordance with, and to the extent necessary to comply with, applicable law, regulation, or a Party's document retention policies. Where a Party has provided Confidential Information to a retained expert or consultant or any other person or entity, it shall be the responsibility and obligation of both the Party and the person or entity to whom or which the Confidential Information was provided to comply with the terms of Paragraph 20.

28. After the conclusion of the action, the Clerk of the Court may return to counsel for the Parties or destroy any sealed Confidential Information submitted to and in the possession of the Court.

29. The Court will retain jurisdiction after the termination of this action to enforce the terms of this Protective Order.

## AMENDMENT TO THIS PROTECTIVE ORDER

30. This Protective Order may be modified or amended by agreement of all Parties, subject to approval by the Court, or by order of the Court for good cause shown. Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise seeking modification of this Protective Order.

## RESERVATION OF RIGHTS

31. Nothing contained in this Protective Order shall constitute:

    a. an admission that any information designated CONFIDENTIAL is, in fact, confidential, even if a Party has not objected to this designation;

     b.  an agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon, or required by Rules of Court or by Court Order;

     c.  a waiver by any person or Party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action;

     d.  a waiver of any claim of immunity or privilege with regard to any testimony, documents or information;

     e.  a waiver by any Party of its right to apply to the Court for an order designed to preserve the confidentiality of its Confidential Information at trial; or

     f.  an admission that any particular document is or is not admissible into evidence in this case.

## SUBPOENA BY OR REQUEST FROM A THIRD PARTY

32.  If any person in receipt of Confidential Information through this action receives a subpoena or document request seeking production or other disclosure of such Confidential Information, such person shall give written notice within ten (10) days of realization that Confidential Information may be responsive to a subpoena or document request to counsel for the Party or non-Party whose material is sought, identifying the Confidential Information sought and enclosing a copy of the subpoena or document request. Subject to the duty to comply with such subpoena or document request, no production or disclosure of Confidential Information shall be made until the designating Party or non-Party has received a reasonable opportunity to consider or respond to the subpoena or document request. If disclosure is required in less than thirty (30) days, then the person from whom such discovery is sought shall give the earliest practicable notice under the circumstances.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

SUBMITTED BY: *(Prior to modification by the Court)*

*/s/ Larry D. Maldegen*
Larry D. Maldegen
Stephen J. Lauer
Comeau Maldegen Templeman & Indall LLP
P.O. Box 669
Santa Fe, NM  87504

*Attorneys for the City of Las Cruces and Doña Ana County*

CONSENTED TO AS TO FORM & CONTENT:

*/s/ Larry D. Maldegen*
Larry D. Maldegen
Stephen J. Lauer
Comeau Maldegen Templeman & Indall LLP
P.O. Box 669
Santa Fe, NM  87504

*Attorneys for the City of Las Cruces and Doña Ana County*

*/s/ Jon T. Neumann*
*(e-approval received on October 8, 2015)*
Jon T. Neumann
John R. Casciano
Joseph F. Kiefer
Steptoe & Johnson LLP
Collier Center
201 E. Washington, Suite 1600
Phoenix, AZ  85004

and

M. Eliza Stewart
Madison & Mroz, P.A.
Albuquerque Plaza, Suite 1600
201 Third Street, N.W.
Albuquerque, NM 87102

*Attorneys for The Travelers Indemnity Company and United States Fidelity and Guarantee Company*

*/s/ Marianne May*
*(e-approval received on October 8, 2015)*
Timothy L. Fields
Jeremy K. Harrison
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
500 Fourth Street NW, Suite 1000 (87102)
P.O. Box 2168
Albuquerque, NM 87103-2168

and

Kevin M. Haas
Marianne May
Clyde & Co. US, LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932

*Attorneys for Defendant Swiss Reinsurance America Holding Corporation as administrator of certain liabilities of Colonial Penn Insurance Company, improperly pleaded as 21st Century Centennial Insurance Company, as Successor in Interest to Colonial Penn Insurance Accident & Indemnity Company*

*/s/ Stacy Freel*
*(e-approval received on October 8, 2015)*
M. Mitchell Moss
Priscilla Marquez
ScottHulse, P.C.
201 E. Main Drive
1100 Chase Tower
El Paso, TX 79901

and

Wayne S. Karbal
Stacy S. Freel
Karbal, Cohen, Economou, Silk & Dunne, LLC
150 South Wacker Drive, Suite 1700
Chicago, IL 60606

*Attorneys for Hartford Accident and Indemnity Company*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CITY OF LAS CRUCES and COUNTY OF DOÑA ANA,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; and UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation,<br><br>Defendants. | Civil No. 2:14-cv-00931-MAV-LAM<br><br>**[FORM] DISCLOSURE AGREEMENT**<br><br>United States District Judge Martha A. Vazquez<br><br>Magistrate Judge Lourdes A. Martinez |

I, _____, am employed by _____. In connection with this action, I am:

_____    a director, officer or employee of _____ who is directly assisting in this action;

_____    have been retained to furnish technical or other expert services or to give testimony;

_____    Other qualified recipient (as defined in the Protective Order) (Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Stipulated Protective Order in the matter of _____, Civil Action No. _____, pending in the United States District Court for the District of New Mexico. I further state that the Stipulated Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any CONFIDENTIAL INFORMATION, including documents, for any purpose not appropriate or

necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Stipulated Protective Order.  To the extent I have been given access to CONFIDENTIAL INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Stipulated Protective Order to have access to such information, and (b) have executed a Disclosure Agreement.  I will return, on request, all materials containing CONFIDENTIAL INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated.  I agree to be bound by the Stipulated Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of New Mexico for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

Date: _____